HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY CANNARD and SUSAN
CANNARD,

               Plaintiff,

     v.

FORD MOTOR COMPANY,

               Defendant.

CASE NO. C14-5588RBL

JURY INSTRUCTIONS

Dated this 30 day of September, 2015.

Ronald B. Leighton
United States District Judge

## INSTRUCTION NO. 1

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 4

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

INSTRUCTION NO. 6

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

INSTRUCTION NO. 7

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 8

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

INSTRUCTION NO. 9

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

INSTRUCTION NO. 10

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 11

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 12

With respect to Plaintiffs' product liability claim, Plaintiffs have the burden of proving each of the following propositions by a preponderance of the evidence:

First, that Ford manufactured or supplied a product that was not reasonably safe at the time the product left Ford's control, or Ford failed to give an adequate warning necessary to make the product reasonably safe;

Second, that Greg Cannard was injured; and

Third, that the unsafe condition of the product and/or Ford's failure to warn was a proximate cause of Greg Cannard's injury.

INSTRUCTION NO. 13

The term "proximate cause" means a cause which in direct sequence, unbroken by a new independent cause, produces the injury complained of.

There may be more than one proximate causes of an injury.

If you find that two or more causes have combined to bring about an injury each cause is considered to be a proximate cause of the injury if it is a substantial factor in bringing it about, even though the injury would have occurred without it. A substantial factor is an important or material factor and not one that is insignificant.

If you find that the sole proximate cause of any injury to plaintiff was the act or omission of some other person(s) or entity(s) not party to this lawsuit, then your verdict should be for the defendant as to that injury.

INSTRUCTION NO. 14

A product seller is any business or entity that is engaged in the business of selling products, whether the sale is for installation, resale, or for use or consumption. The term includes a manufacturer, wholesaler, distributor, supplier or retailer of the relevant product.

"Manufacturer" includes a product seller who designs, produces, makes, fabricates, constructs, or remanufactures the relevant product or component part of a product before its sale to a user or consumer.

The term "user" as stated in this or any other instruction includes any person whom a manufacturer or seller should reasonably expect to come into contact with the product.

INSTRUCTION NO. 15

A manufacturer has a duty to supply products which are reasonably safe for use at the time they leave the manufacturer's control. A product is considered "not reasonably safe" if it is unsafe in a way or to an extent beyond that which an ordinary user would reasonably contemplate when using it in a reasonably foreseeable manner. In determining what a reasonable user would expect, you should consider the seriousness of the potential harm from the claimed defect, the cost and feasibility of eliminating or minimizing the risk, and such other factors as the nature of the product and the claimed defect indicate are appropriate.

1

INSTRUCTION NO. 16

2      The words "not reasonably safe" refer not only to the condition of the product itself, but the

3 product may also be "not reasonably safe" because of the failure to give sufficient directions to the

4 ultimate users as to how to use the product in order to make the product safe and/or the failure to give

5 adequate warnings as to the specific dangers or risks associated with the products.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

INSTRUCTION NO. 17

A manufacturer has a duty to warn of any condition which renders a product not reasonably safe for a foreseeable use. There is, however, no duty to warn of obvious or known dangers.

Where a warning is required, it must be adequate so that, if followed, the product would be reasonably safe for use. The warning must be appropriate in view of the seriousness of the danger involved to reasonably advise of the consequences of improper use. Such a warning must be in a form which reasonably could be expected to catch the attention of, and to be understood by, the ordinary user.

INSTRUCTION NO. 18

With respect to Plaintiffs' negligence claim, Plaintiffs have the burden of proving each of the following propositions by a preponderance of the evidence:

1. That Ford acted or failed to act in one of the ways claimed by Plaintiffs, and that in so acting, or failing to act, Ford was negligent;

2. That Greg Cannard was injured;

3. That the negligence of Ford was a proximate cause of Mr. Cannard's mesothelioma.

If you find from your consideration of all the evidence that each of these propositions has been proved as to the Plaintiffs against Ford in this action, your verdict should be for the Plaintiffs and against Ford. On the other hand, if any of these propositions has not been proved against Ford, your verdict should be for Ford.

INSTRUCTION NO. 19

Negligence is the failure to exercise ordinary care. Ordinary care means the care a reasonably careful person or corporation would exercise under the same or similar circumstances. Negligence is the doing of some act which a reasonably careful person or corporation would not do under the same or similar circumstances or the failure to do something which a reasonably careful person or corporation would have done under the same or similar circumstances.

INSTRUCTION NO. 20

In determining the scope of a manufacturer's duty to warn of dangers associated with its products, a manufacturer is under a duty to test, analyze and inspect such products, and is charged with knowing what such tests would have revealed.

In this respect, a manufacturer is held to the knowledge and skill of an expert in determining the dangers that may be inherent in its products. The manufacturer has a duty to keep abreast of research and knowledge in the field.

Once a manufacturer had knowledge of some danger associated with the use of its products, it is afforded a reasonable time, under the circumstances, to warn potential users of such danger.

INSTRUCTION NO. 21

When determining if Ford acted reasonably under the circumstances, you may consider the state of historical, scientific and medical knowledge about asbestos, the custom and practice in the industry, technological feasibility, and compliance with government or regulatory standards existing at the time of Ford's conduct.

1

INSTRUCTION NO. 22

2      The violation, if any, of a statute or administrative rule, is not necessarily negligence, but

3   may be considered by you as evidence in determining negligence.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

INSTRUCTION NO. 23

You have heard testimony about parties who are not currently defendants in this case including manufacturers and sellers of other asbestos-containing products and the Navy. If you find for the Plaintiff, you are to award Plaintiff his full damages and not to speculate as to the method or effect, if any, or allocation of responsibility between the defendants and other parties or entities.

INSTRUCTION NO. 24

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by one or more of the defendants. You should consider the following:

The nature and extent of the injuries;

The disability, disfigurement and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment and services which with reasonable probability will be required in the future;

The reasonable value of household services. RBL

Loss to the plaintiff wife of the consortium of her husband.

The term "consortium" means the fellowship of husband and wife and the right of one spouse to the company, cooperation, and aid of the other in the matrimonial relationship. It includes emotional support, love, affection, care, services, companionship, including sexual companionship, as well as assistance from one spouse to the other.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 25

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by the foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case. The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the

1    computer provides or allows access to such materials, you must inform me immediately and

2    refrain from viewing such materials. Do not remove the computer or any electronic data from the

3    jury room, and do not copy any such data.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

INSTRUCTION NO. 26

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 27

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

INSTRUCTION NO. 28

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.